No. 328.—THOMAS GOOCH et al. *v.* JOHN LEE GOOCH et al.

An heir who has provoked the appointment of himself as provisional administrator of the estate of his mother, on the allegation that the succession required immediate administration, can not be held and treated as an intermeddler in the estate.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee, J. Nutt & Leonard,* for plaintiffs and appellants. *R. J. Looney,* Public Administrator, for appellees.

WYLY, J. The question presented for adjudication in this case is, can a provisional administrator who has collected funds belonging to the estate, and failed to pay them over to the heirs, be treated as an intermeddler, and the property which he has transferred to a third party be subjected to an hypothecary action on account of the mortgage accorded to minors against intermeddlers? Revised Code 3315. The court *a qua* concluded that the provisional administrator could not be so treated, and gave judgment accordingly.

The plaintiffs appeal. They allege that their mother Martha Gooch died in 1859, while they were minors, leaving certain property, particularly three notes for $1200 each, due by Mrs. Martha Gibbs, of Mis-

30

sissippi.   That their brother John L. Gooch collected these notes and
has never accounted therefor, thereby becoming indebted to them for
the amount claimed in the petition.   That they, being minors and
unrepresented by a tutor, acquired a legal mortgage on the property
of said John L. Gooch, because he intermeddled in the succession of
their mother and interfered in the administration of property belong-
ing to them; that said mortgage affects the lot of ground described in
the petition, situated in the city of Shreveport, and now possessed by
the succession of James Coulter, because the same was owned by the
said John Lee Gooch at the time of said intermeddling in the adminis-
tration of their property, and that its subsequent transfer to Simms
and to Coulter did not remove the incumbrance.   The public admin-
istrator who represents the succession of Coulter contends that the lot
in question is not affected by the mortgage:

*First*—Because John Lee Gooch was provisional administrator at
the time he collected the claim; besides, he is one of the heirs, and he
ought not to be treated as an intermeddler by reason of his office and
heirship.

*Second*—Because the lot did not belong to John Lee Gooch, but to
his wife Matilda E. Gooch, who acquired it in 1863, the deed contain-
ing the following clause:

"It is expressly understood that this purchase is made with Mrs.
Gooch's own separate funds; in this, that it is replacing her parapher-
nal property alienated by her husband."

The public administrator contends that Simms acquired in good
faith the lot from Matilda E. Gooch, who held by a title ostensibly
valid, and he subsequently transferred the said lot to James Coulter.
That, under the authority of Mercier *v.* Canonge, 8 An. 37, said lot in
the hands of innocent third persons would not be affected by a tacit
mortgage against John Lee Gooch who, at most, only had a covert or
equitable interest in the property, the ostensible title being in his wife.

We deem it unnecessary to decide this point, because the first objec-
tion, in our opinion, disposes of the case.   We think the provisional
administrator was not an intermeddler.

John L. Gooch, one of the heirs, applied to the court to be appointed
provisional administrator, representing that the succession of his
mother required immediate administration; that it consisted mainly
of promissory notes due by a person residing in Mississippi, and it was
to the interest of all the heirs that the money be collected immediately;
" that it will be dangerous to wait the delay of the time prescribed by
law for the appointment of an administrator or curator, and that for
this purpose alone he be appointed provisional administrator."

The court appointed him; he took the oath and gave bond for
$6500, the inventoried value of the estate being $5950.   Whether

or not the court erred in appointing him is immaterial. He took the oath and gave the bond required by the judge, and in proceeding to accomplish the object of his appointment he can not be regarded as an intermeddler. Where it was necessary to preserve the estate, the judge had the right to appoint a provisional administrator, and the person so appointed will not incur the penalty announced in article 3315 Revised Code, where he merely performs the duty contemplated in the appointment.

It is therefore ordered that the judgment herein be affirmed, with costs.